**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

| | |
|---|---|
| **JERRY LOGGINS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ALFRED KENNETH MCNEILL, JR., in his official capacity as Sheriff of Jefferson County, Florida,**<br><br>**Defendant.** | **CASE NO.: 4:26-cv-308-MW-MAF**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW**, Plaintiff, **JERRY LOGGINS**, by and through the undersigned counsel, and pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, hereby files this First Amended Complaint against Defendant, **ALFRED KENNETH MCNEILL, JR., in his official capacity as Sheriff of Jefferson County, Florida,** and alleges the following:

**JURISDICTION AND VENUE**

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.* ("Title VII")(Counts I, III, and IV), and 42 U.S.C. 1981 (Count II), and seeks monetary compensation for injuries, losses and other damages directly and proximately caused by the wrongful conduct of the Jefferson County Sheriff's Office and Sheriff Alfred Kenneth McNeill, Jr.

2. This Court has jurisdiction over this matter pursuant to Title 28 U.S.C. § 1331 (Federal Question Jurisdiction) and Title 28 U.S.C. § 1343. Venue is proper in the Tallahassee Division of the United States District Court for the Northern District of Florida pursuant to Title 28

U.S.C. § 1391, because the torts, adverse employment action, omissions and other events giving rise to Plaintiff's lawsuit occurred on the in Monticello, Jefferson County, Florida.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES / CONDITIONS PRECEDENT

**3.** Prior to filing this Complaint, Plaintiff properly and timely complied with all pre-suit requirements. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) against the named Defendants, and has received a statutory Notice of Right to Sue letter from the EEOC on Thursday, April 2, 2026.

## PARTIES

**4.** Plaintiff, **JERRY LOGGINS**, is resident of Monticello, Jefferson County, Florida. At all times material herein, Plaintiff, who a Black African American male, was employed as a sheriff deputy with the Jefferson County Sheriff's Office in the role of Jail Commander.

**5.** Defendant, **ALFRED KENNETH MCNEILL, JR.,** is the elected Sheriff of Jefferson County, Florida, and is a resident of Jefferson County, Florida. At all times material to this Complaint, Sheriff Alfred McNeill, Jr., served as Sheriff of Jefferson County, Florida, and was Plaintiff supervisor. The Jefferson County Sheriff's Office is a county law enforcement agency located in Monticello, Jefferson County, Florida. At all times material to this Complaint, the Jefferson County Sheriff's Office was Plaintiff's employer within the meaning of Title VII.

## GENERAL FACTS GIVING RISE TO CLAIMS

**6.** On or about April 15, 2025, Plaintiff engaged in protected activity by reporting to Sheriff Alfred McNeill, Jr. what Plaintiff reasonably believed to be racially discriminatory hiring practices within the Jefferson County Sheriff's Office. Specifically, Plaintiff reported that African American applicants seeking employment as deputy sheriffs were routinely subjected

to heightened scrutiny during the hiring process, including more extensive review of their qualifications, backgrounds, and employment applications than similarly situated Caucasian applicants.

7. Plaintiff further reported that African American applicants with qualifications equal to or greater than those of Caucasian applicants were frequently denied employment opportunities, while Caucasian applicants often received offers of employment after less rigorous review despite possessing comparable or lesser qualifications. Based on his observations, Plaintiff reasonably believed that these hiring practices constituted unlawful racial discrimination in violation of Title VII of the Civil Rights Act of 1964.

8. On or about May 19, 2025, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR") alleging racial discrimination and retaliation by the Jefferson County Sheriff's Office and Sheriff Alfred McNeill, Jr. Shortly after Plaintiff filed the FCHR Charge, and after Sheriff McNeill became aware of the filing, Plaintiff received written notice informing him that his employment as a Deputy Sheriff and Jail Commander would be terminated. The notice further advised Plaintiff that he had only twenty-four (24) hours within which to appeal the termination decision.

9. Following the decision to terminate Plaintiff's employment, numerous co-workers expressed concern and opposition to Sheriff McNeill's actions. In response to this pushback, the Jefferson County Sheriff's Office rescinded its decision to terminate Plaintiff. However, despite withdrawing the termination, Defendants continued to subject Plaintiff to discriminatory and retaliatory treatment because of his protected activity.

**10.** On July 31, 2025, the Jefferson County Sheriff's Office, acting through Sheriff Alfred McNeill, Jr., conducted a disciplinary hearing concerning Plaintiff. During the hearing, Plaintiff was denied a meaningful opportunity to present evidence in his defense, call witnesses, or otherwise respond to the allegations against him. Upon conclusion of the hearing, Sheriff McNeill informed Plaintiff that he was being demoted from his position as Jail Commander, placed on probation, and subjected to a reduction in pay and benefits. Plaintiff alleges that these actions were taken in retaliation for his complaints of racial discrimination and his filing of the FCHR Charge, and further subjected him to a hostile working environment.

**COUNT I- RACE DISCRIMINATION (TITLE VII)**

**11.** Plaintiff, **JERRY LOGGINS**, realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated herein.

**12.** This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §§ 2000e et seq.

**13.** Plaintiff has been the victim of discrimination and has been subjected to differential treatment on the basis, at least in part, of his race.

**14.** Defendant is liable for the discrimination towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

**15.** The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's demotion.

**16.** Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. §§ 2000e *et seq*.

**17.** As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and suffering, past and future pecuniary losses, inconvenient, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, and permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

**COUNT II- RACE DISCRIMINATION 42 U.S.C. §1981**

**18.** Plaintiff, **JERRY LOGGINS**, realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated herein.

**19.** This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. § 1981.

**20.** Plaintiff has been the victim of discrimination on the basis of his race in that he was treated differently than non-African American employees of Defendant and was subjected to differential treatment which ultimately resulted in his demotion on the basis of, at least in part, his race.

**21.** The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant, and further constitute intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. § 1981.

**22.** As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and suffering, past and future pecuniary losses, inconvenient, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, and permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

**COUNT III- RETALIATION (TITLE VII)**

**23.** Plaintiff, **JERRY LOGGINS**, realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated herein.

**24.** Plaintiff engaged in protected activity by reporting and opposing workplace practices that Plaintiff reasonably believed constituted unlawful discrimination prohibited by Title VII.

**25.** Plaintiff made complaints to Sheriff Alfred Kenneth McNeill, Jr., who at all times material to this Complaint was Plaintiff's supervisor and the elected Sheriff of Jefferson County, Florida.

**26.** Plaintiff's complaints were made in good faith and were based upon an objectively reasonable belief that Defendant was engaging in unlawful discriminatory practices. Defendant knew of Plaintiff's protected activity.

**27.** After Plaintiff engaged in protected activity, Defendant also demoted Plaintiff from Jail Commander, which also resulted in a reduction of compensation and benefits. The adverse actions would have dissuaded a reasonable employee from engaging in protected activity. The temporal proximity between Plaintiff's complaints and the adverse actions supports an inference of retaliatory motive.

**28.** Absent Plaintiff's complaints, Defendant would not have subjected Plaintiff to discipline, demotion, reduction of duties, or other adverse actions. Plaintiff's protected activity was the determinative factor motivating Defendant's decisionmakers, and Plaintiff's complaints were the but-for cause of the adverse employment actions.

**29.** As a direct and proximate result of Defendant's retaliation, Plaintiff suffered lost wages, lost benefits, emotional distress, humiliation, reputational harm, and other damages due to the demotion.

**COUNT IV- HOSTILE WORKING ENVIRONMENT (TITLE VII)**

**30.** Plaintiff, **JERRY LOGGINS**, realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated herein.

**31.** Plaintiff is a member of a protected class, and previously alleged, and further engaged in protected activity by reporting what he perceived to be acts of employment discrimination committed by Sheriff Alfred Kenneth McNeill, Jr., in his official capacity as Sheriff of Jefferson County, Florida.

**32.** After Plaintiff complained of discriminatory acts, Defendant subjected Plaintiff to adverse employment actions, including a demotion and reductions in compensation and benefits.

**33.** Similarly situated employees outside of Plaintiff's protected class, and who did not engage in protected activity, were treated more favorably.

**34.** Defendant's conduct constitutes intentional discrimination, and it was so severe that it would dissuade other employees to report acts of discriminatory conduct by Sheriff Alfred Kenneth McNeill, Jr., and the Jefferson County Sheriff's Office.

**35.** As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and suffering, past and future pecuniary losses, inconvenient, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, and permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, **JERRY LOGGINS**, prays for the following relief against Defendants, **ALFRED KENNETH MCNEILL, JR., in his official capacity as Sheriff of Jefferson County, Florida:**

(a) The process is issued and this Court take jurisdiction over this case;

(b) That this Court award statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate;

(c) Equitable relief in the form of reinstatement or front pay, as this Court deems appropriate, including reinstatement of retirement benefits;

(d) That he be awarded compensatory damages in addition to reasonable attorney's fees,

expert witness fees, taxable cost and interest as allowed by law;

(e) That this Court grant equitable relief against Defendant under the counts set forth above, mandating that Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(f) That this Court enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violation of laws enumerated herein;

(g) That this Court enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of the laws enumerated herein; and that this Court grant such other and further relief as is just and proper under the circumstances.

Respectfully submitted on this 10th day of September 2026.

**TODMAN LAW FIRM, P.A.**

/s/ Kareem L. Todman
Kareem L. Todman, Esq./ Fla. Bar No.: 109295
130 Salem Court, Tallahassee, Florida 32301
Telephone: (850) 780-0900
Email: kareem@todmanlaw.com
***Attorney for Plaintiff, Jerry Loggins***

**DWYER & KNIGHT LAW FIRM**

/s/ Stephen Knight
Stephen Knight, Esq./ Fla. Bar No.: 85571
/s/ Fred E. Pearson, Jr.
Fred E. Pearson, Esq./ Fla. Bar No.: 82406
1344 Cross Creek Cir. #2, Tallahassee, Floria 32301
Telephone: (850) 513-3151
Email: stephen@knightlawone.com
Email: fred@pearsonlawyers.com
***Co-counsel Attorneys for Plaintiff, Jerry Loggins***