**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**JERRY LOGGINS**

**Plaintiff,**

**v.** **Case No. 4:26-cv-308-MW-MAF**

**ALFRED KENNETH "MAC" McNEILL, JR., in his official capacity as SHERIFF of JEFFERSON COUNTY, FLORIDA**

**Defendant.**

______________________________________/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, ALFRED KENNETH "MAC" McNEILL, JR., in his official capacity as SHERIFF of JEFFERSON COUNTY, FLORIDA (the "Sheriff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves this Court to dismiss Plaintiff's First Amended Complaint and Demand for Jury Trial ("Amended Complaint") (Dkt. 8), and states:

## PROCEDURAL POSTURE

1. This is an employment law case. Plaintiff lists claims of unlawful race discrimination under 42 U.S.C. §2000e *et. seq*. ("Title VII") (Count I), unlawful race discrimination under 42 U.S.C. §1981 (Count II), unlawful retaliation under Title

VII (Count III), and unlawful hostile working environment – both racial harassment and retaliatory harassment in the same count – under Title VII (Count IV).

2. After the Sheriff was served with the initial pleading, the Sheriff's counsel conferred with Plaintiff's counsel in good faith regarding issues with the initial pleading, including that the pleading was an impermissible shotgun pleading. Plaintiff filed the Amended Complaint thereafter.

3. The Amended Complaint fixes some of the issues raised by the conferral, but it still contains deficiencies.

4. The Amended Complaint contains conclusory allegations entitled to no legal weight and legal conclusions masquerading as facts.

5. The Amended Complaint contains errors typical of a "shotgun pleading" – in which the statutory bases are wholesale incorporated into each separate count, counts brought under separate theories, i.e., discriminatory harassment and retaliatory harassment, are brought under the same claim.

**6.** The Amended Complaint seeks relief under a statute that does not provide a private right of action against the Sheriff.

## MEMORANDUM OF LAW

### I. Standard of Review

Rule 8(a)(2) states that a pleading must contain "a short plain statement of a claim showing that the pleader is entitled to relief." **See** Fed. R. Civ. P. 8(a)(2).

Detailed allegations are not required, rather, the claim for relief must be plausible on its face. **Ashcroft v. Iqbal**, 556 U.S. 662, 677-78 (2009), **citing** **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555 (2007). The standard requires more than just the "unadorned, the defendant-unlawfully-harmed-me accusation." **Ashcroft** at 678. A pleading that provides "labels or conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions" lacking in further factual enhancement, fails to set forth a sufficient claim. **Twombly** at 555-57.

To survive a motion to dismiss, the complaint must state factual allegations, accepted as true, which are plausible. **Ashcroft** at 667-68. However, legal conclusions devoid of factual support are not entitled to an assumption of truth. **Twombly** at 555. "[C]onclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." **Einhorn v. Axogen, Inc.**, 42 F.4th 1218, 1218, 1222 (11th Cir. 2022), **quoting** **Oxford Asset Mgmt., Ltd. V. Jaharis**, 297 F.3d 1182, 1188 (11th Cir. 2002).

## II. Shotgun Pleadings

The Amended Complaint is an improper shotgun pleading that incorporates facts into counts to which they are not relevant and fails to "separat[e] into a different count each cause of action or claim for relief." **Weiland v. Palm Beach Cnty. Sheriff's Office**, 792 F.3d 1313, 1322-23 (11th Cir. 2015). By way of example, paragraph 10 refers to allegations pertinent to retaliation or harassment claims, not

disparate treatment discrimination claims, but is incorporated into both discrimination disparate treatment counts. *See* Dkt. 8, ¶¶10, 11, and 18.

Title VII and Section 1981 claims, when pled properly, have different specific elements of liability and should not have statutory bases incorporated together, as Title VII lacks the need to establish a *Monell* pattern or practice, unofficial policy or custom, or final decisionmaker liability. **Monell v. Dep't of Soc. Servs.**, 436 U.S. 658 (1978) and **Massey v. Dorning**, 611 F. Supp. 3d 1301, 1319-20 (N.D. Ala. 2020) (identifying distinctions between Title VII and Section 1981 claims).

When the elements of harassment claims differ – as is the case for discriminatory and retaliatory harassment – such theories must be brought under different counts. *See* Dkt. 8, ¶31 (identifying possible harassment linked to "protected class" and to "protected activity"), **Weiland** at 1322-23 ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief."), **Reeves v. C.H. Robinson Worldwide, Inc.**, 594 F. 3d 798, 808 (11th Cir. 2010) (discriminatory harassment elements), and **Monaghan v. Worldpay US, Inc.**, 955 F. 3d 855 (11th Cir. 2020) (retaliatory harassment elements).

Paragraph 1[1] lists all the statutes Plaintiff sues the Sheriff under. Paragraph is incorporated into all four Counts. *See* Dkt. 8, ¶¶ 11, 18, 23, and 30. Neither the parentheticals in paragraph 1 nor the statements in paragraphs 12, 19, and 24 in Counts I, II, and II, respectively, is a prophylactic against Plaintiff's shotgun pleadings – and Count IV relies only on the incorporation of paragraph 1 for its legal basis. *See* Dkt. 8, ¶¶ 1, 12, 19, 24, and 30.

Plaintiff's shotgun pleading merits dismissal. **Jackson v. Bank of Am., N.A.**, 898 F.3d 1348, 1357 (11th Cir. 2018).

## III. Conclusory Allegations

Conclusions of law, conclusory assertions, and legal opinions masquerading as facts are not entitled to a presumption of truth; instead, courts disregard such allegations, assessing only the remaining well-pleaded factual allegations. **Oxford** at 1188; **see also** **Franklin v. Curry**, 738 F.3d 1246, 1250-51 (11th Cir. 2013), **Kantrow v. Celebrity Cruises, Inc.**, 510 F. Supp. 3d 1311, 1316 (S.D. Fla. 2020)

---

[1] Paragraph 1 merits further amendment. *See* Dkt. 8 ¶1 ("… proximately caused by the wrongful conduct of the Jefferson County Sheriff's Office and Sheriff Alfred Kenneth McNeill Jr."). **Navarro v. City of Riviera Beach**, 192 F. Supp. 3d 1353, 1360 (S.D. Fla. 2016) ("As a threshold matter, [the Sheriff's Office] must be terminated from the above-styled action, because it is not a legal entity with the capacity to be sued.") (citation modified). The parties conferred and agreed that the Sheriff can only be sued in his individual capacity. Paragraph 1 appears to be an amendment Plaintiff missed.

("Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss."), and **<u>ADA v. Cigna Corp.</u>**, 605 F.3d, 1283, 1289 (11th Cir. 2010).

The following sections from paragraphs in the "General Facts Giving Rise to Claims" should be disregarded, even after granting Plaintiff all due deference:

- Paragraph 6 – whether Plaintiff "engaged in protected activity" or whether such believe was "reasonable" are legal conclusions, not facts, entitled no weight.
- Paragraph 7 – the second sentence discussing Plaintiff's "reasonable belief" is a legal conclusion, not a fact, as the subjective and objective reasonableness of a claim is an issue of law to be determined later.
- Paragraph 8 – while logically flawed, relying on a timing fallacy, contains no conclusory statements. **<u>See</u>** **<u>Johnson v. Mia.-Dade Cnty.</u>**, 169 F. 4th 1301, 1311 (11th Cir. 2026) (timing is not sufficient for causation for retaliation claims).
- Paragraph 9 – the third sentence describing such claims as "continued to subject Plaintiff to discriminatory and retaliatory treatment because of his protected activity" is a conclusory legal conclusion, and by failing to specify what this "continued treatment" entailed, deprives the Sheriff of fair notice of the specific adverse actions he must defend.

- Paragraph 10 – the second sentence stating that Plaintiff was "denied a meaningful opportunity to present evidence in his defense" is a conclusory statement. The fourth sentence is a conclusory legal conclusion.

As five of the six "factual paragraphs" cited in support of the four existing counts – which should be pled as five counts due to the harassment theories – contain such material conclusory statements afforded no weight, each claim merits dismissal.

## IV. The 1981 Claim

Plaintiff only alleges 42 U.S.C. § 1981. *See* Dkt. 8, ¶¶ 1, 19, and 21. Section 1981 does not provide a private right of action. **See** **Butts v. County of Volusia**, 222 F.3d 891, 893 (11th Cir. 2000) and **Brown v. City of Fort Lauderdale**, 923 F.2d 1474, 1481 (11th Cir. 1991). Failure to appropriately plead the statutory right of action giving rise to Plaintiff's claims merits dismissal.

## CONCLUSION

The Court should dismiss the Amended Complaint, because it violates the pleading rules and seeks relief through an incorrect statute.

WHEREFORE, the Sheriff respectfully requests the Court dismiss the Amended Complaint and grant any other relief deemed just and proper.

Respectfully submitted on this 2nd day of October 2026.

/s/ *Michael L. MacNamara*
**Michael L. MacNamara**
Florida Bar No. 0093603
MMacNamara@anblaw.com
**Samuel B. Ostrow**
Florida Bar No. 1034556
SOstrow@anblaw.com
**Allen Norton & Blue, P.A.**
906 N. Monroe Street
Tallahassee, FL 32303
Tel.: (850) 561-3503
*Counsel for the Sheriff*

## CERTIFICATE OF COMPLIANCE WITH N.D. FLA. LOC. R. 7.1(F)

I HEREBY CERTIFY that pursuant to N.D. Fla. Loc. R. 7.1(F), this filing contains 1,472 words, using the word-count feature, inclusive of headings footnotes and not inclusive of case-style, signature block, and any certificate of service.

/s/ *Michael L. MacNamara*
Attorney