**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**JERRY LOGGINS,**

**Plaintiff,**

**v.**

**ALFRED KENNETH MCNEILL, JR., in his official capacity as Sheriff of Jefferson County, Florida,**

**Defendant.**

**CASE NO.: 4:26-cv-308-MW-MAF**

**JURY TRIAL DEMANDED**

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, **JERRY LOGGINS** , by and through undersigned counsel, and, pursuant to Rule 12 of the Federal Rules of Civil Procedure, files this Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 11. Plaintiff respectfully argues that Defendant's motion is due to be denied, and if determined to be appropriate, that Plaintiff should be allowed leave of Court to correct the citation error with respect to Count II, which should allege a violation of 42 U.S.C. § 1983, rather than 42 U.S.C. § 1981. In support thereof, it is alleged:

## SUMMARY OF ARGUMENT

Defendant seeks dismissal of Plaintiff's Amended Complaint by characterizing it as an impermissible "shotgun pleading." That characterization lacks merit, especially in light of Eleventh Circuit precedent. The Amended Complaint is a concise, nine-page pleading containing a discrete section setting forth the factual allegations common to Plaintiff's claims, followed by separately numbered counts identifying the statutory basis and nature of each claim. Specifically, Plaintiff alleges: (1) race discrimination under Title VII; (2) race discrimination under 42 U.S.C. § 1981; (3) retaliation under Title VII; and (4) hostile work environment under Title VII.

The factual section identifies the alleged protected activity, the discriminatory employment practices Plaintiff reported, Plaintiff's administrative charge, Defendant's attempted termination of Plaintiff, the subsequent disciplinary proceeding, and Plaintiff's resulting demotion, and reduction in pay and benefits. The individual counts then identify the legal theory under which those facts are asserted.

Contrary to Defendant's assertions, Plaintiff's Amended Complaint is not the type of incomprehensible pleading condemned by the Eleventh Circuit. Rather, the Amended Complaint gives Defendant fair notice of what Plaintiff contends Defendant did, which is well known to the Defendant, when the pertinent conduct occurred, the adverse employment actions at issue, and the legal theory associated with each count. Although Defendant may dispute whether those allegations ultimately establish liability. That dispute, however, does not transform an organized complaint into a shotgun pleading. Therefore, Defendant's Motion to Dismiss should therefore be denied.

## STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." At the pleading stage, the complaint need not prove Plaintiff's claims. It must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Applicable here, the separate shotgun-pleading doctrine addresses whether the organization and clarity of the pleading allow the defendant and the court to determine what claims are asserted and the factual grounds upon which those claims rest. See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015). Here, that standard is satisfied.

## ARGUMENT

### A. PLAINTIFF'S AMENDED COMPLAINT DOES NOT CONSTITUTE A SHOTGUN PLEADING UNDER WEILAND

In Weiland, the Eleventh Circuit identified four general categories of shotgun pleadings: (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint replete with conclusory, vague, and immaterial facts not obviously connected to any particular claim; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint asserting multiple claims against multiple defendants without specifying which defendant is responsible for which conduct. Weiland, 792 F.3d at 1321–23. Critically, the Eleventh Circuit explained that the unifying characteristic of shotgun pleadings is that they fail "***to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests***." Id. at 1323. (emphasis added). That defect is absent here.

Plaintiff's Amended Complaint does not employ the quintessential form of shotgun pleading identified in Weiland, where each successive count incorporates the allegations of the preceding counts. Instead, each count incorporates only the common factual allegations. The counts do not incorporate the allegations contained within each preceding cause of action. For example, Count I expressly identifies itself as a Title VII race-discrimination claim. Count II separately identifies § 1981 as its statutory basis. Count III expressly identifies retaliation under Title VII and alleges protected activity, Defendant's knowledge, and a subsequent demotion and reduction in compensation and benefits. This structure prevents the cascading incorporation problem addressed in Weiland. A review of the Weiland case is particularly instructive because the Eleventh Circuit did not treat incorporation of background factual allegations, standing alone, as dispositive. Rather, the relevant inquiry is whether the manner of pleading obscures the claims

or leaves the defendant without adequate notice. See Weiland, 792 F.3d at 1324–25. The Amended Complaint does neither.

Nevertheless, Defendant argues that some common factual allegations are more directly relevant to retaliation or harassment than to disparate-treatment discrimination. That argument elevates pleading form over the notice function that Weiland protects. As this Court is well aware, discrimination claims frequently arise from the same sequence of workplace events. A factual allegation therefore may be relevant to more than one theory of liability. Rule 10(c) expressly permits statements in a pleading to be adopted by reference elsewhere in that pleading. Fed. R. Civ. P. 10(c). Requiring Plaintiff to reproduce the same factual allegations beneath each count would add repetition without materially improving notice to the defendant.. In its motion, Defendant relies on Jackson v. Bank of America, N.A., 898 F.3d 1348 (11th Cir. 2018). Jackson does not establish that every complaint incorporating common facts is a shotgun pleading. The relevant concern remains whether the pleading enables the defendant to understand the claims and their supporting factual grounds.

The contrast with Barmapov v. Amuial, 986 F.3d 1321 (11th Cir. 2021), involved a second amended complaint containing 92 pages, 440 numbered paragraphs, and 19 counts against 16 defendants, which the Eleventh Circuit described as remaining confusing and deficient despite amendment. Id. at 1324–26. Here, Plaintiff's pleading is a mere **nine pages**, contains 36 numbered substantive allegations before the prayer for relief, and organizes its claims into **four** labeled counts. There is no sprawling collection of hundreds of allegations/ claims against numerous defendants. Plaintiff's Amended Complaint only names one defendant, Alfred Kenneth McNeill, Jr., the Sheriff of Jefferson County, Florida. Moreover, Defendant's Motion separately addresses Plaintiff's discrimination, retaliation, hostile-work-environment, and § 1981 theories

and challenges specific allegations. Although a defendant's ability to frame a motion is not dispositive, the Amended Complaint itself plainly identifies the claims and their factual bases.

**B. COUNT IV DOES NOT RENDER THE ENTIRE AMENDED COMPLAINT A SHOTGUN PLEADING.**

Defendant separately contends that Count IV improperly combines discriminatory and retaliatory harassment because those theories possess different elements. That argument does not justify dismissal of the Amended Complaint as a whole. Count IV expressly identifies the claim as "HOSTILE WORKING ENVIRONMENT (TITLE VII)." It alleges Plaintiff's protected-class status and protected activity and identifies the adverse treatment allegedly resulting from his complaints. Defendant therefore is not left to guess what conduct Plaintiff challenges.

The third Weiland category addresses pleadings that obscure separate claims to such a degree that the defendant cannot ascertain what claim must be defended. 792 F.3d at 1323. It should not be mechanically applied whenever one count references circumstances capable of supporting alternative or overlapping theories. At minimum, if the Court concludes that discriminatory and retaliatory hostile-environment theories should be separated, that concern would justify clarification or separation of Count IV, not dismissal of otherwise identifiable Counts I through III.

**C. DEFENDANT CONFLATES THE SUFFICIENCY OF PLAINTIFF'S ALLEGATIONS WITH THE SHOTGUN-PLEADING DOCTRINE**

Defendant separately argues that various allegations are conclusory, including Plaintiff's allegations concerning protected activity, reasonable belief, and the opportunity to present evidence during the disciplinary proceeding. But whether an allegation ultimately establishes a particular element is analytically different from whether a complaint is a shotgun pleading.

Plaintiff does not merely recite statutory elements. The Amended Complaint identifies events including **Plaintiff's report of allegedly discriminatory hiring practices** by the Jefferson County Sheriff's Office, his **FCHR charge**, **the threatened termination following that charge**, and the later disciplinary action and **resulting demotion and reduction in compensation** by the elected Sheriff of Jefferson County, Alfred Kenneth McNeill, Jr.. Twombly and Iqbal do not require Plaintiff to plead his proof, but require sufficient facts to state a plausible claim at this stage in the process. Plaintiff's Amended Complaint meets that threshold.

**D. THE § 1981 ISSUE DOES NOT SUPPORT DISMISSAL OF THE ENTIRE AMENDED COMPLAINT.**

Defendant also argues that Count II must be dismissed because § 1981 does not itself provide the cause of action asserted against a governmental actor, relying upon Butts v. County of Volusia, 222 F.3d 891 (11th Cir. 2000), and Brown v. City of Fort Lauderdale, 923 F.2d 1474 (11th Cir. 1991). This issue is distinct from the shotgun-pleading argument. The Eleventh Circuit precedent recognizes that § 1983 supplies the remedial vehicle for enforcing § 1981 rights against state actors. Butts, 222 F.3d at 892–94. Thus, even if Count II should expressly invoke § 1983 as the procedural vehicle for Plaintiff's asserted § 1981 rights, that issue concerns the statutory mechanism for Count II, not the comprehensibility of the Amended Complaint. If the Court determines that Count II must expressly identify § 1983, Plaintiff respectfully requests leave to make that limited amendment rather than dismissal of the action[1].

Even assuming the Court finds a technical deficiency in Count II, or concludes that the hostile-environment theories in Count IV should be divided into separate counts, the appropriate remedy is a narrowly tailored opportunity to amend. The Eleventh Circuit has emphasized that

---

[1] Eleventh Circuit precedent provides that in cases where Plaintiff brings claims under 42 U.S.C. §1981 and 42 U.S.C. §1983 against the municipal defendant, the claim is merged into a claim under 42 U.S.C. §1983

when a pleading suffers from shotgun defects, the normal remedy is an opportunity to replead with instructions identifying the perceived deficiencies. See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295–96 (11th Cir. 2018). Defendant's request for dismissal of the Amended Complaint is inappropriate. Absent an amendment of cure minor defects, if determined to be appropriate by this Court, this matter should be decided on its merits.

The Amended Complaint gives Defendant fair notice of Plaintiff's claims and the grounds upon which they rest. The pleading identifies the challenged employment practices, Plaintiff's protected activity, the relevant employment actions, and the statutory theory supporting each single count. Contrary to Defendant's arguments, Plaintiff's Amended Complaint does not cascade prior causes of action into each successive count, or leave Defendant unable to determine which claims are asserted against him.

**WHEREFORE**, Plaintiff, **JERRY LOGGINS,** respectfully requests that this Court enter an order **DENYING** Defendant's Motion to Dismiss Plaintiff's Amended Complaint. Alternatively, should the Court determine that Count II should expressly invoke 42 U.S.C. § 1983, or that Count IV should be separated into distinct theories, Plaintiff respectfully requests leave to make those limited amendments rather than dismissal of the action.

Respectfully submitted on this 16th day of October 2026.

**TODMAN LAW FIRM, P.A.**

/s/ Kareem L. Todman
Kareem L. Todman, Esq./ Fla. Bar No.: 109295
130 Salem Court, Tallahassee, Florida 32301
Telephone: (850) 780-0900
Email: kareem@todmanlaw.com
***Attorney for Plaintiff, Jerry Loggins***